IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

Remanded by Supreme Court March 4, 2002

**STATE OF TENNESSEE v. STEVEN LEE WHITEHEAD**

**Appeal from the Circuit Court for Madison County**

**No. 99-152     Roy B. Morgan, Jr., Judge**

---

**No. W2002-00484-CCA-RM-CD  - Filed June 27, 2002**

---

NORMA MCGEE OGLE, J., dissenting.

Because I have no difficulty concluding that the trial court's failure to instruct the jury

on sexual battery constitutes harmless error according to the standard enunciated in State v. Allen,

69 S.W.3d 181, 191 (Tenn. 2002), I must respectfully dissent from the majority's reversal of the

appellant's convictions of rape.  As acknowledged by the majority, our supreme court emphasized

in Allen that, "[w]hen a lesser-included offense instruction is improperly omitted, . . . the harmless error inquiry is the same as for other constitutional errors" and entails an examination of both the evidence adduced at trial and the defendant's theory of defense. Id. As also acknowledged by the majority, RB unequivocally testified at trial that the appellant's sexual assault upon her included three separate acts of sexual penetration, and her testimony was uncontradicted with the exception of the appellant's statements to the police denying any sexual activity whatsoever between himself and RB. In other words, the appellant's defense in this case did not hinge upon the nature of the sexual activity between himself and RB but rather upon whether any sexual activity occurred. Accordingly, with respect to the evidence underlying each count of rape, the appellant was either guilty of the charged offense or entirely innocent. Under these circumstances, the trial court's failure to instruct the jury on sexual battery should not afford the appellant relief.

I note with interest the majority's quotation of the following language from Allen, 69 S.W.3d at 189: "The jury is not required to believe any evidence offered by the State. . . . We therefore cannot agree that the decision to convict on a lesser-included offense may be taken away from the jury whenever proof supporting the element distinguishing the greater offense from the lesser offense is uncontroverted." I also note that the majority extracted this language from that portion of the supreme court's decision addressing the issue of when a trial court should instruct a jury on lesser-included offenses and not from that portion of the opinion addressing the issue of when a trial court's failure to do so constitutes harmless error. In short, I believe that the majority has overlooked a critical distinction between those two issues, and I cannot join in the result thereby achieved.

_____

NORMA McGEE OGLE, JUDGE