IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 23, 2002 Session

## STATE OF TENNESSEE v. JOSEPH AND EVANGELINE COMBS

**Appeal from the Criminal Court for Sullivan County**
**No. S41,992 and S41,993      R. Jerry Beck, Judge**

**No. E2000-2801-CCA-R3-CD**
**No. E2000-2800-CCA-R3-CD**
**September 25, 2002**

GARY R. WADE, P.J., concurring.

While I concur in the results reached by the majority, it is my view that the failure to charge the lesser included offenses of facilitation of especially aggravated kidnapping and false imprisonment on the charge of especially aggravated kidnapping and reckless endangerment and assault on the charge of aggravated assault was, in fact, error. The majority implies that but does not so assert. I also believe that the error is harmless beyond a reasonable doubt as to each of those convictions. Most recently, in State v. Allen, 69 S.W.3d 181, 189 (Tenn. 2002), our supreme court established that a contextual analysis of the entire record was necessary in order to determine whether the failure to charge a lesser included offense qualified as harmless beyond a reasonable doubt. In my opinion, the Allen ruling negates any implication in State v. Williams, 977 S.W.2d 101, 106 (Tenn. 1998),  that the failure to instruct on lesser included offenses will always be harmless when the jury returns a verdict two levels in excess of an omitted lesser included offense.

With regard to defendant Joseph Combs' conviction for aggravated perjury, I fully agree that the trial court's failure to provide an instruction on the lesser included offense of perjury was error that does not qualify as harmless beyond a reasonable doubt and that a new trial should be granted on the primary charge.

_____
GARY R. WADE, PRESIDING JUDGE