IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
June 5, 2002 Session

## STATE OF TENNESSEE v. ERNEST EDWARD WILSON

**Appeal by Permission from the Court of Criminal Appeals
Criminal Court for Davidson County
No. 98-D-2474     J. Randall Wyatt, Jr., Judge**

_____

**No. M2000-01997-SC-R11-CD - Filed December 30, 2002**

_____

This appeal arises from Ernest Edward Wilson's conviction for second degree murder in the Criminal Court of Davidson County. At the close of trial, the trial court instructed the jury on first degree murder, second degree murder, and voluntary manslaughter; it did not instruct the jury on reckless homicide and criminally negligent homicide. The jury convicted Wilson of the lesser-included offense of second degree murder, and the trial court imposed a sentence of twenty-four years in the Department of Correction. On direct appeal, Wilson challenged the trial court's failure to instruct on lesser-included offenses. The Court of Criminal Appeals, in a split decision, affirmed the judgment of the trial court. We granted review and now conclude that the trial court erred in failing to instruct the jury on reckless homicide and criminally negligent homicide. Further, we hold that this error was not harmless beyond a reasonable doubt. Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand the case for a new trial in accordance with this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals
Reversed and Case Remanded to the Criminal Court for Davidson County**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

David L. Johnson,[1] Nashville, Tennessee, for the appellant, Ernest Edward Wilson.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Jennifer L. Smith, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

---

[1] This Court appointed David Johnson to represent Mr. Wilson in this appeal. This Court appreciates Mr. Johnson's willingness to accept this appointment and the excellent representation he has provided.

I.  Facts and Procedural History

As Ernest Edward Wilson and his brother, David Wilson, passed Nashville's Hadley Park on their way to a tire shop at 6:50 a.m., Ernest Wilson saw Marshall Frank Holt, Jr.  Ernest Wilson exited the car and confronted Holt.  He testified that he intended to tell Holt not to go to David Wilson's house.  Holt, according to Ernest Wilson, pulled a pocket knife from his coat pocket and threatened him.  In response, Ernest Wilson fired a warning shot from a gun that he carried on him "all the time."  Holt was not deterred, and Ernest Wilson fired two more shots.  Ernest Wilson stated, "I didn't realize I shot [any]body, because I really was not trying to shoot Mr. Holt" and "I really didn't shoot at him.  I wanted to shoot close to him for another one.  But it must have [] hit him." Further, Wilson stated, "I meant to shoot another warning shot, but I raised the pistol a little bit more to scare him on the way."

The bullet struck Holt in the left shoulder blade and severed his carotid artery, causing his death shortly thereafter.  On trial for first degree murder, Wilson's attorney requested instructions on first degree murder, second degree murder, voluntary manslaughter, criminally negligent homicide, self-defense and mutual combat.  The trial court instructed the jury on first degree murder, second degree murder, voluntary manslaughter and self-defense.  The jury convicted Wilson of second degree murder.

Wilson appealed, contending, inter alia, that the jury should have been instructed on reckless homicide and criminally negligent homicide.  Judge Joe G. Riley, writing for the majority of the Court of Criminal Appeals, held that reckless homicide and criminally negligent homicide are lesser-included offenses of first degree murder and that "even if they should have been charged . . . the failure to charge them was harmless beyond a reasonable doubt."  Judge David H. Welles dissented. He stated that "because of the unique nature of voluntary manslaughter among homicide offenses," he could not agree that the "failure to charge reckless homicide was harmless beyond a reasonable doubt."  In a concurring opinion, Judge James Curwood Witt agreed that it was problematic to use voluntary manslaughter as the intermediate offense for purposes of determining harmless error, but he joined to affirm the conviction based on the facts of the case and Wilson's use of those facts in formulating his theory of defense.

We granted review to consider whether the trial court's failure to instruct the jury on reckless homicide and criminally negligent homicide was reversible error.  We held in State v. Williams, 977 S.W.2d 101 (Tenn. 1998), that an instructional error may be harmless when a jury convicts a defendant of an offense greater than the immediately lesser-included offense upon which the jury was instructed.  After reviewing the relevant authority and the facts of this case, we conclude that the case under submission is distinguishable from Williams and that Williams does not apply.  The harmless error analysis outlined in State v. Allen, 69 S.W.3d 181 (Tenn. 2002), however, does apply. In accordance therewith, we hold that the trial court's error in failing to instruct on reckless homicide and criminally negligent homicide was not harmless beyond a reasonable doubt.  Therefore, the

judgment of the Court of Criminal Appeals is reversed, and the case is remanded to the trial court for a new trial consistent with this opinion.

## II. Standard of Review

The question of whether a given offense should be submitted to the jury as a lesser-included offense is a mixed question of law and fact. State v. Rush, 50 S.W.3d 424, 427 (Tenn. 2001) (citing State v. Smiley, 38 S.W.3d 521 (Tenn. 2001)). The standard of review for mixed questions of law and fact is de novo with no presumption of correctness. Id.; see also State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

## III. Lesser-Included Offenses

Article I, § 9 of the Tennessee Constitution provides that, in a criminal prosecution, the accused has the right to receive advance notice of the charges that he or she must defend. Consequently, the accused may be convicted only of an offense enumerated in the indictment, or an offense that qualifies as a lesser-included offense thereof. Rush, 50 S.W.3d at 427 (citing Hagner v. United States, 285 U.S. 427, 431, 52 S. Ct. 417, 76 L. Ed. 861 (1932)). An offense is lesser-included if:

> (a) all of its statutory elements are included within the statutory elements of the offense charged; or
>
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing (1) a different mental state indicating a lesser kind of culpability; and/or (2) a less serious harm or risk of harm to the same person, property or public interest; . . . .

Burns, 6 S.W.3d at 466-67. Moreover, it is the duty of the trial judge to instruct the jury as to the law of a lesser-included offense if he or she determines that: (1) reasonable minds could accept the offense as lesser-included; and (2) the evidence is legally sufficient to support a conviction for the lesser-included offense. Burns, 6 S.W.3d at 469; see also State v. Langford, 994 S.W.2d 126, 128 (Tenn. 1999). The trial court's duty to charge juries as to the law of each offense included in an indictment applies whether or not a defendant requests such an instruction. Tenn. Code Ann. § 40-18-110(c) (1997).[2]

In this case, the State concedes that the trial court erred by failing to instruct the jury on the lesser-included offenses of reckless homicide and criminally negligent homicide. Nonetheless, the State argues that the error is harmless beyond a reasonable doubt. The State correctly concedes; reckless homicide and criminally negligent homicide are lesser-included offenses of first degree

---

[2]Effective January 2, 2001, the legislature has provided that "when the defendant fails to request the instruction of a lesser-included offense . . . such instruction is waived." Tenn. Code Ann. § 40-18-110(c) (Supp. 2001).

murder. See Burns, 6 S.W.3d at 466-67; see also State v. Ely, 48 S.W.3d 710, 727 (Tenn. 2001) (stating that reckless homicide is a lesser-included offense of first degree murder); State v. Sims, 45 S.W.3d 1, 21 (Tenn. 2001) (appendix) (adopting the Court of Criminal Appeals statement that criminally negligent homicide is a lesser-included offense of first degree murder). In addition, the evidence in this record, viewed in the light most favorable to the existence of the lesser-included offenses, is sufficient both to allow reasonable minds to accept these lesser-included offenses and to support convictions for these offenses. See Burns, 6 S.W.3d at 469.

Ernest Wilson's unrefuted testimony is that he did not intend to shoot Holt and that his only intent was to fire a warning shot. In light of this testimony, the trial court erred in failing to instruct the jury on reckless homicide and criminally negligent homicide. Having so concluded, we must next address the dispositive issue in this appeal–are these instructional errors harmless beyond a reasonable doubt. See Allen, 69 S.W.3d at 191; Ely, 52 S.W.3d at 726.

The State avers that the error is harmless under this Court's decision in State v. Williams, 977 S.W.2d 101 (Tenn. 1998), because the jury convicted the defendant of second degree murder and rejected the instructed, intermediate lesser offense, voluntary manslaughter. The State also points out that the jury received a "sequential instruction" advising it to consider the offenses in sequence and that the jury should be presumed to have followed this instruction. According to the State, since the jury rejected the immediately lesser-included and instructed offense of voluntary manslaughter, the jury also would have rejected the second-tier lesser-included offenses of reckless homicide and criminally negligent homicide. We cannot accept this contention.

In Williams, the trial judge instructed the jury as to the charged offense of first degree murder and the lesser-included offenses of second degree murder and reckless homicide, and the jury convicted the defendant of first degree murder. Id. at 104. The defendant appealed, arguing that the trial judge erred by failing to instruct on voluntary manslaughter. In finding the error harmless, the majority in Williams stated:

> By convicting the defendant of first degree murder the jury determined that the proof was sufficient to establish all the elements of that offense beyond a reasonable doubt including that the killing was "intentional, deliberate and premeditated." In other words, by finding the defendant guilty of the highest offense to the exclusion of the immediately lesser offense, second degree murder, the jury necessarily rejected all other lesser offenses, including voluntary manslaughter. Accordingly, the trial court's erroneous failure to charge voluntary manslaughter is harmless beyond a reasonable doubt because the jury's verdict of guilt on the greater offense of first degree murder and its disinclination to consider the lesser included offense of second degree murder clearly demonstrates that it certainly would not have returned a verdict on voluntary manslaughter.

Williams, 977 S.W.2d at 106.

The circumstances of this case differ markedly from those in Williams. There, in rejecting second degree murder which entails the "knowing killing of another," and, by choosing to convict the defendant of an intentional killing, the jury necessarily rejected any lesser offenses, including voluntary manslaughter. In contrast, the jury in the case at bar was not instructed as to any offense containing a mental state less culpable than knowing. Voluntary manslaughter is the "intentional or knowing killing of another in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." Tenn. Code Ann. § 39-13-211(a). While the element of "adequate provocation" converts what might otherwise be first or second degree murder into the lesser-included offense of voluntary manslaughter, the required mens rea is identical to first or second degree murder. Therefore, in a case where the jury finds that no provocation exists, the logical immediately lesser-included offense to second degree murder is reckless homicide, rather than voluntary manslaughter.

The State contends that the error is harmless because: (1) the trial court provided the sequential jury instruction; and (2) the jury found beyond a reasonable doubt that the killing was knowing. However, this contention fails to recognize that, unlike Williams, the jury in the case under submission was precluded from considering whether Wilson acted recklessly. Thus, the Williams analysis is not applicable in the context of this case. Even though Williams is not applicable, an instructional error may still be considered harmless. Allen, 69 S.W.3d at 191.

## IV. Harmless Error Analysis

The State insists that the harmless error analysis adopted in State v. Allen applies, and that, pursuant to Allen, the instructional error in the case at bar is harmless. In Allen, we stated that a reviewing court:

> [M]ay find the [instructional] error harmless because the jury, by finding the defendant guilty of the highest offense to the exclusion of the immediately lesser offense, necessarily rejected all other lesser-included offenses. Williams, 977 S.W.2d at 106. Harmless error is not limited, however, to such cases.

Allen, 69 S.W.2d at 191. When a lesser-included offense instruction is improperly omitted, the harmless error inquiry is the same as for other constitutional errors: whether it appears beyond a reasonable doubt that the error did not affect the outcome of the trial. Id. When making this determination, a reviewing court should "conduct a thorough examination of the record, including the evidence presented at trial, the defendant's theory of defense, and the verdict returned by the jury." Id.

Applying these principles to the case under submission, we consider whether the failure to instruct on reckless homicide and criminally negligent homicide was harmless error. The State contends the error is harmless because Wilson's theory of the case was self-defense or voluntary manslaughter, which does not comport with reckless homicide or criminally negligent homicide. Wilson testified, however, that he did not intend to shoot Holt–he only intended to scare him.

-5-

Therefore, Wilson's theory was that the shooting was unintentional, and his testimony supported this theory. In light of this testimony, we are unable to conclude beyond a reasonable doubt that the jury, if given the opportunity, would not have convicted Wilson of reckless homicide or criminally negligent homicide. Therefore, we hold that the error was not harmless–it constituted reversible error.

## IV. Conclusion

Our holding renders it unnecessary for us to reach the other issues raised by the parties, including the constitutionality of the "knowing" mens rea instruction and whether the sentence imposed was proper. We express no opinion on those issues.

For the foregoing reasons, we hold that reckless homicide and criminally negligent homicide are lesser-included offenses of first degree murder and that the trial court erred in failing to charge the jury regarding those offenses. Further, we hold that this error was not harmless beyond a reasonable doubt. Therefore, we reverse the judgment of the Court of Criminal Appeals and remand the case for a new trial consistent with this opinion on the charge of second degree murder.[3] Costs on this appeal are taxed to the appellee, the State of Tennessee.

_____
ADOLPHO A. BIRCH, JR., JUSTICE

---

[3] In accordance with the constitutional prohibition against double jeopardy, Mr. Wilson cannot be tried again for first degree murder as he was acquitted of this crime at his first trial.