IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 5, 2002

## STATE OF TENNESSEE v. DONALD CLARK

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-03417    Joseph B. Dailey, Judge**

_____

### No. W2001-01549-CCA-R3-CD - Filed May 15, 2003

_____

A Shelby County jury found the defendant, Donald Clark, guilty of especially aggravated robbery. The trial court subsequently sentenced the defendant to serve twenty-seven years as a violent offender. The defendant now appeals his conviction, (1) challenging the sufficiency of the evidence to support his conviction and (2) the trial court's failure to charge the lesser-included offense of reckless aggravated assault. After a thorough review of the record, we find that the evidence is sufficient to support the verdict, but that the trial court erred by failing to instruct the jury on the offense of reckless aggravated assault. However, we find that error to be harmless beyond a reasonable doubt. Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Tony N. Brayton, Assistant Public Defender, Memphis, Tennessee, for appellant, Donald Clark.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; William L. Gibbons, District Attorney General; and Steven Jones, Assistant District Attorney General, for appellee, State of Tennessee.

**OPINION**

**Factual Background**

In the early morning hours of November 27, 1999, the defendant and another man approached Rickey Howell, a confessed drug dealer. The defendant and his friend asked Howell if he could sell them a certain amount of crack cocaine. Howell testified that he replied that he did not have that amount of crack, and the defendant and his companion then left. According to Howell, several hours later the defendant approached him again while Howell was standing on a street corner with a sum of money in his hand. The defendant demanded Howell's money at gun point and once he

received the money, he motioned for Howell to follow him. Howell refused, and the defendant subsequently shot Howell in the ankle. After Howell completed the necessary surgery the next day, he identified the defendant as the assailant from a photo array.

The police arrested the defendant, and the defendant gave the police a different version of the events that transpired on the night in question. The defendant recounted that he approached Howell and purchased some crack cocaine, which he later discovered was fake. Shortly thereafter, the defendant approached Howell and demanded his money back. When Howell refused, the defendant drew his pistol, intending to shoot the ground and scare Howell, but instead accidentally shooting Howell in the right ankle.

The defendant was subsequently tried by jury and found guilty of especially aggravated robbery, for which he received a twenty-seven-year sentence as a violent offender, to be served at 100%. As noted above, the defendant now brings this direct appeal of his conviction, challenging (1) the sufficiency of the evidence to support his conviction and (2) the trial court's failure to include the charge of reckless aggravated assault as a lesser-included offense of especially aggravated robbery. For the reasons set forth below, we find that the error regarding the court's failure to charge the lesser-included offense of reckless aggravated assault is harmless beyond a reasonable doubt and that the conviction is supported by sufficient evidence. Accordingly we affirm the judgment of the trial court.

## Sufficiency of the Evidence

The defendant alleges that the evidence introduced at trial is insufficient to support his conviction for especially aggravated robbery. When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" state's witnesses and resolves all conflicts in the testimony in favor of the state. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id.

The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the state "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779.

In order to support the defendant's especially aggravated robbery conviction, the state had the burden at trial of introducing evidence to support each element of the offense. Especially aggravated robbery is robbery "[a]ccomplished with a deadly weapon" where "the victim suffers serious bodily injury." Tenn. Code Ann. § 39-13-403(a)(1)-(2). Robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Id. § 39-13-401(a). A "deadly weapon" is defined, in relevant part, as a "firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or seriously bodily injury." Id. § 39-11-106(a)(5). "Serious bodily injury" is defined as "bodily injury which involves: . . . [a] substantial risk of death; . . . [p]rotracted unconsciousness; . . . [e]xtreme physical pain; . . . [p]rotracted or obvious disfigurement; or . . . [p]rotracted loss or substantial impairment of a function of a bodily member, organ or mental faculty." Id. § 39-11-106(a)(34).

In the instant case, the defendant challenges the evidence introduced at trial as insufficient to support his conviction because the proof failed to establish that the victim suffered serious bodily injury, an essential element of especially aggravated robbery. See id. § 39-13- 403(a)(1)-(2). However, the victim testified at trial about the extent and severity of his injury. He testified that after being shot by the defendant, he experienced significant pain and was concerned that he had lost his foot because it was unresponsive. The victim's injury required him to undergo surgery, in which a steel rod, plate, and screws were placed in his ankle. As a result of his injury, the victim walked with a limp and would experience discomfort and swelling if he stood for long periods of time. We note that this witness's testimony has been accredited by the defendant's guilty verdict. Cazes, 875 S.W.2d at 259; Harris, 839 S.W.2d at 75. Accordingly, we find that the state introduced sufficient evidence for a rational trier of fact to conclude that the victim suffered "extreme physical pain" and "protracted loss or substantial impairment of a function of a bodily member . . . as a result of the wound inflicted by the defendant," namely his impaired ankle function. See Tenn. Code Ann. § 39-11-106(a)(34). Therefore, we find that the state introduced sufficient evidence to support a finding that the defendant suffered serious bodily injury. This issue lacks merit.

### Lesser-Included Offense of Reckless Aggravated Assault

In his next allegation of error, the defendant claims that the trial court erred by failing to instruct the jury regarding reckless aggravated assault as a lesser-included offense of his indicted charge, especially aggravated robbery. The trial court instructed the jury only on the lesser-included offenses of aggravated robbery and aggravated assault. The state concedes that the trial court erred by failing to include an instruction on the lesser-included offense of reckless aggravated assault, but argues that, per State v. Williams, 977 S.W.2d 101 (Tenn. 1998), the trial court's error was harmless beyond a reasonable doubt.

Tennessee Code Annotated section 40-18-110(a) (1997) provides:
It is the duty of all judges charging juries in cases of criminal prosecutions for any felony wherein two (2) or more grades or classes of offense may be included in the

indictment, to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so.

Tenn. Code Ann. § 40-18-110(a).[1]  In State v. Ely, 48 S.W.3d 710, 726 (Tenn. 2001), our state supreme court definitively held that this statutory admonition to trial judges enjoyed constitutional stature under Article 1, Section 6 of the Constitution of Tennessee, guaranteeing the right to trial by jury.  The court also noted that section 40-18-110(a) (1997) has been interpreted to mean that the duty to instruct the jury as to a lesser-included offense does not arise unless the evidence is sufficient to support a conviction for the lesser offense.  Id. at 718 (citing State v. Burns, 6 S.W.3d 453, 464 (Tenn. 1999) (quoting State v. Langford, 994 S.W.2d 126, 128 (Tenn. 1999))).  However, the question of whether this evidentiary trigger required proof of the lesser offense as opposed to the greater continued to vex the trial and intermediate appellate courts.  In State v. Allen, 69 S.W.3d 181 (Tenn. 2002), the court definitively answered this question, as well.  If evidence is sufficient to warrant a jury instruction on the greater offense, it is also sufficient to warrant an instruction on the lesser-included offenses under part (a) of the Burns test.  Id.; Allen, 69 S.W.3d at 181.

Thus, when analyzing the merits of the defendant's claim, we must first answer the question of whether reckless aggravated assault is indeed a lesser-included offense of especially aggravated robbery.  The test to determine whether an offense qualifies as a lesser-included offense of the indicted offense was articulated in the supreme court decision of State v. Burns, 6 S.W.3d 453 (Tenn. 1999).  Under the Burns test, an offense is a lesser-included offense of the greater indicted offense if:

(a) all of its statutory elements are included within the statutory elements of the offense charged; or
(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing
(1) a different mental state indicating a lesser kind of culpability; and/or
(2) a less serious harm or risk of harm to the same person, property or public interest; or
(c) it consists of
(1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
(2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
(3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

---

[1]    This section was amended in 2001.  See id. § 40-18-110 (Supp. 2003).  However, the compiler's notes to the amended section state that the new section will govern trials "conducted on or after January 1, 2002." Id. Because the defendant's trial was conducted on April 24, 2001, the statutory section transcribed above is controlling of the defendant's case.

Id. This Court has found that under part (a) of the Burns test, aggravated assault qualifies as a lesser-included offense of especially aggravated robbery because all of the elements of aggravated assault are included in the definition of especially aggravated robbery. See State v. Jason C. Carter, No. M1998-00798-CCA-R3-CD, 2000 WL 515930, at *9 (Tenn. Crim. App. at Nashville, Apr. 27, 2000). Tennessee Code Annotated section 39-13-102 defines aggravated assault, in pertinent part, as follows:

> (a) A person commits aggravated assault who:
> (1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and:
> > (A) Causes serious bodily injury to another; or
> > (B) Uses or displays a deadly weapon; or
> (2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:
> > (A) Causes serious bodily injury to another; or
> > (B) Uses or displays a deadly weapon.

Tenn. Code Ann. § 39-13-102(a) (emphasis added). As noted above, the trial court in the instant case instructed the jury on the lesser-included offense of aggravated assault committed intentionally or knowingly. However, the trial court did not instruct the jury that aggravated assault may also be committed recklessly. Of course, the defendant's theory of defense, if believed, was that he accidentally shot the victim, an act that might rise to the level of, at most, recklessness. Accordingly, the trial court should have instructed the jury that they could find the defendant guilty of aggravated assault if they found that he acted with an intentional, knowing, or reckless mental state.

After finding that the trial court erred by failing to include this portion of the jury instruction on aggravated assault, we must next determine whether this error prejudiced the defendant or was harmless beyond a reasonable doubt. "An erroneous failure to give a lesser-included offense instruction will result in reversal unless a reviewing court concludes beyond a reasonable doubt that the error did not affect the outcome of the trial." State v. Allen, 69 S.W.3d 181, 189 (Tenn. 2002). In essence, we must determine whether there is a reasonable possibility that a rational trier of fact would have convicted the defendant of the omitted lesser-included offenses if the trial court had included the lesser-included offense in the jury charge. When making this determination, we must conduct a thorough examination of the record, including the evidence presented at trial, the defendant's theory of defense, and the verdict returned by the jury. See id. at 191. We will not judge the credibility of the evidence, nor must we find a basis for acquitting the defendant of the greater offense. See Bowles, 52 S.W.3d at 80. Furthermore, the decision to convict on a lesser-included offense should not be taken from the jury simply because the element distinguishing the greater offense from the lesser offense is "uncontroverted." See Allen, 69 S.W.3d at 189.

As noted above, the state concedes that the trial court erred by failing to include an instruction in the jury charge regarding reckless aggravated assault, but it argues that this Court should find that this error was harmless beyond a reasonable doubt per State v. Williams, 977 S.W.2d 101 (Tenn. 1998). Specifically, the state argues that because the jury was instructed on the indicted offense, especially aggravated robbery, and two lesser-included offenses, aggravated robbery

and aggravated assault, and because the jury chose to reject the two lesser-included offenses and convict the defendant of the greater offense, this Court should find that the error committed by not charging a less culpable lesser-included offense, reckless aggravated assault, is harmless beyond a reasonable doubt. The defendant counters that the error was not harmless because the indicted offense and the charged lesser-included offenses all contain an intentional or knowing state of mind requirement, whereas the defendant claimed that he accidentally harmed the victim, thereby committing the crime with a reckless state of mind. Accordingly, the defendant contends that the jury was never allowed to entertain his theory of the case because they were not presented with an option of convicting the defendant of crime containing a reckless <u>mens rea</u> requirement.

In <u>State v. Wilson</u>, 92 S.W.3d 391 (Tenn. 2002), our supreme court found that the error committed in a similar scenario was not harmless beyond a reasonable doubt. The court held that the failure of the trial court to instruct the jury regarding the lesser-included offenses of reckless homicide and criminally negligent homicide where the indicted offense was first degree murder and the jury convicted the defendant of second degree murder was not harmless beyond a reasonable doubt because the trial court's failure to include the omitted offenses in the jury charge precluded the jury from considering the defendant's theory of the case, namely that he did not intend to shoot the victim but only intended to fire a warning shot. <u>See</u> <u>id.</u> at 395-97. The state argued that the error was harmless because the jury convicted the defendant of second degree murder, rejecting the instructed lesser-included offense of voluntary manslaughter. <u>See</u> <u>id.</u> However, the supreme court rejected this argument, stating that <u>Williams</u> was distinguishable from <u>Wilson</u>. <u>See</u> <u>id.</u> Specifically, in <u>Williams</u>, the jury rejected the offense of second degree murder, which requires a knowing mental state, and instead convicted Williams of first degree murder, which requires an intentional mental state. <u>See</u> <u>id.</u> Conversely, in <u>Wilson</u>, the jury was instructed regarding the offenses of first degree murder, second degree murder, and voluntary manslaughter, all of which require an intentional or knowing mental state, and the jury convicted Wilson of second degree murder, which requires a knowing mental state. <u>See</u> <u>id.</u> at 395-96. Therefore, the jury was not given the opportunity to convict the defendant of having committed a homicide requiring a mental state less culpable than knowing. <u>See</u> <u>id.</u> at 396. Thus, the jury was not allowed to consider Wilson's claim that his action was unintentional, that he did not intend to shoot the victim, but only scare him. <u>See</u> <u>id.</u> The supreme court then concluded that the trial court's failure to instruct the jury on these lesser-included offenses prejudiced the defendant and accordingly reversed and remanded the case for a new trial. <u>See</u> <u>id.</u>

We believe however that despite its similarity to the instant case <u>Wilson</u> is distinguishable. In <u>Wilson</u> there was no dispute that a homicide had been committed. The relevant question for the jury was the defendant's state of mind. Because the court could not say beyond a reasonable doubt the jury would not, if given the opportunity, have accepted the defendant's version of events as amounting to only recklessness or negligence the failure to instruct on reckless or negligent homicide was reversible. On the other hand, in the case at bar the dispute between the defense and the prosecution was whether a robbery had occurred at all. The defendant's version of events, if accepted by the jury, would at most sustain a conviction for reckless aggravated assault. The jury was given the opportunity to consider whether the defendant's actions amounted to a robbery or

intentional or knowing aggravated assault only. Their verdict clearly demonstrates that they rejected the defense theory that the defendant's behavior was at most only assaultive and they accepted the prosecution view that robbery had taken place. For this reason <u>Wilson</u> is fundamentally different from the instant case.

Because the jury found that the defendant's conduct involved a robbery, and was not merely assaultive in nature, we believe the error in failing to instruct on reckless aggravated assault was harmless beyond a reasonable doubt.

## **Conclusion**

For the foregoing reasons, the judgment of the trial court is AFFIRMED.


_____
JERRY L. SMITH, JUDGE