IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Brief March 5, 2024

## QUARTES WILLIAMS v. BRANDON WATWOOD, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 23-CR-10936          Mark L. Hayes, Judge**

_____

### No. W2023-01330-CCA-R3-HC
_____

The Petitioner, Quartes Williams, appeals the Lake County Circuit Court's summary dismissal of his petition for a writ of habeas corpus from his convictions for first degree murder during the perpetration of a robbery and facilitation of especially aggravated robbery. The Petitioner contends that the habeas corpus court erred by summarily dismissing his petition. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and JILL BARTEE AYERS, JJ., joined.

Quartes Williams, Tiptonville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman and Brent C. Cherry, Senior Assistant Attorneys General; and Danny Goodman, Jr., District Attorney General.

## OPINION

On July 18, 2008, a Shelby County jury convicted the Petitioner of first degree murder during the perpetration of a robbery and facilitation of especially aggravated robbery. The Petitioner received an effective sentence of life imprisonment. The Petitioner's convictions were affirmed on appeal. *See State v. Quartes Williams,* No. W2008-01946-CCA-R3-CD, 2009 WL 2971046 (Tenn. Crim. App. Sept. 14, 2009), *perm. app. denied* (Tenn. Feb. 22, 2010). On August 15, 2023, the Petitioner filed a

petition for a writ of habeas corpus, which the habeas corpus court summarily denied. This appeal followed.

The Petitioner contends that the habeas corpus court erred by dismissing his petition without appointing counsel, conducting an evidentiary hearing, or making specific findings of fact and conclusions of law. Specifically, the Petitioner alleges that (1) his judgments are "void and illegal as being the result of [an] invalid indictment"; (2) his judgments are void because facilitation is a "nonexistent crime"; and (3) his judgments are void because the offense dates "overlap each other." The State responds that the habeas corpus court did not err in dismissing the petition because it failed to state a cognizable claim. We agree with the State.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2018); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. *See* T.C.A. § 40-30-103 (2018); *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

The Petitioner alleges his judgments are void and illegal because they are the result of an invalid indictment. According to the Petitioner, "[h]is judgments are void and illegal as being the result of invalid indictment being the result of a constructive amendment, which was amended without being resubmitted to the grand jury." The Petitioner contends that the indictment was not consistent with the applicable law, the jury instructions, or the verdict.

The Petitioner and his codefendant were indicted for first degree murder during an attempt to perpetrate robbery. *See* T.C.A. § 39-13-202. The Petitioner and his codefendant were also charged with especially aggravated robbery. *See id*. § 39-13-403. Because facilitation of especially aggravated robbery is a lesser-included offense of especially aggravated robbery, no amendment to the indictment was necessary. "[T]he accused may be convicted only of an offense enumerated in the indictment, or an offense that qualifies as a lesser-included offense thereof." *State v. Wilson*, 92 S.W.3d 391, 394 (Tenn. 2002). Further, "[t]he felony murder statute does not require that a defendant who is charged with first degree felony murder also be charged in a separate count of the indictment with the attempt or perpetration of the underlying felony[.]" *State v. Michael Lambdin*, No. E2014-00547-CCA-R3-CD, 2015 WL 1897461, at \*5 (Tenn. Crim. App. Apr. 27, 2015). The judgments reflected the jury's verdict and were consistent with the law. The Petitioner has failed to state a cognizable claim for habeas corpus relief. The habeas corpus court did not err in summarily dismissing the petition on this basis.

The Petitioner also contends that "facilitation" is a "nonexistent" crime. Tennessee Code Annotated section 39-11-403 provides the elements necessary for a facilitation of a felony:

> (a) A person is criminally responsible for the facilitation of a felony, if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under § 39-11-402(2), the person knowingly furnishes substantial assistance in the commission of the felony.

> (b) The facilitation of the commission of a felony is an offense of the class next below the felony facilitated by the person so charged.

The judgment for facilitation of especially aggravated robbery reflects the jury's verdict. The Petitioner has failed to state a cognizable claim for habeas corpus relief. The habeas corpus court did not err in summarily dismissing the petition on this basis.

The Petitioner contends that his judgments are void because the offense dates "overlap each other." The judgment for first degree murder reflects an offense date of November 13-16, 2006, and the judgment for facilitation of especially aggravated robbery reflects an offense date of November 15, 2006. As noted by the habeas corpus court, "[t]here is no conflict in the dates. The jury could very well have convicted the petitioner of both offenses without the finding of a specific date." This court previously concluded that the evidence at the trial was sufficient to support the Petitioner's convictions. *See Quartes Williams,* 2009 WL 2971046. Further, any claim of insufficiency of the evidence would render the judgments voidable and not void. *See Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 1999) (citing *Potts v. State*, 833 S.W.2d 60, 62

-3-

(Tenn. 1992)); *Anthony Bowen v. Howard Carlton, Warden*, No. E2007-01845-CCA-R3-HC, 2008 WL 450630, at \*3 (Tenn. Crim. App. Feb. 20, 2008) (citation omitted) ("Any determination of the merits of such a claim would require us to look beyond the face of the judgments; therefore, it is not a cognizable claim for habeas corpus relief."), *perm. app. denied* (Tenn. May 5, 2008). The Petitioner has failed to state a cognizable claim for habeas corpus relief. The habeas corpus court did not err in summarily dismissing the petition on this basis.

A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates*, 371 S.W.3d at 155. The habeas corpus court did not err by summarily dismissing the petition. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE