IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 9, 2003 Session

## STATE OF TENNESSEE v. QUINTON SANDERS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-04326-28    Joseph P. Dailey, Judge**

_____

**No. W2001-01927-CCA-R3-CD  - Filed January 30, 2004**

_____

Following his transfer from juvenile court, the appellant, Quinton Sanders, was convicted of first degree felony murder, attempted theft of property over $1,000 but less than $10,000 in value, and theft of property over $10,000 but less than $60,000 in value.  He received sentences of life imprisonment, two years, and five years, respectively.  All sentences are to be served consecutively. In this appeal, the appellant maintains that the trial court erred in failing to instruct the jury with respect to any lesser-included offenses of felony murder.  The appellant also maintains that the trial court erred in excluding evidence of the Memphis Police Department's policies and procedures regarding high-speed chases.  The State maintains that the trial court properly excluded evidence of the high speed chase policies and procedures, but concedes that the trial court erred in declining to instruct the jury with respect to the lesser-included offenses of felony murder.  After an exhaustive examination of the record and applicable authorities, we conclude that the trial court did indeed err in declining to instruct the jury on the lesser-included offenses of felony murder and the error is not harmless beyond a reasonable doubt. We also conclude that the trial court properly excluded evidence of the high speed chase policies and procedures of the Memphis Police Department. Accordingly, the appellant's conviction for first degree felony murder is Reversed and Remanded for a new trial in accordance with this opinion.  His remaining convictions for attempted theft and theft as well as the sentences for those offenses are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed in Part and Reversed and Remanded in Part.**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOE G. RILEY, J., joined.

John E. Herbison, Nashville, Tennessee, for the appellant, Quinton Sanders.

Paul G. Summers, Attorney General & Reporter; Kathy D. Aslinger, Assistant Attorney General; William L. Gibbons, District Attorney General; Jerry Kitchen and Amy Weirich, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

## Factual Background

The proof at the appellant's trial established that on October 12, 1999, the appellant and three other African-American males attempted to steal clothes valued at $5,200 from Goldsmith's Department Store in the Raleigh Springs Mall in Memphis. Before the group could complete the theft, they were chased from the store by a security guard. With the appellant at the wheel of a green Chevrolet Malibu, which he had stolen previously, the young men fled the mall parking lot at a high rate of speed. The Chevrolet almost struck a police cruiser just coming into the mall parking lot. This incident set off a police pursuit of the appellant and his compatriots.

During the pursuit, in which several police vehicles were involved, the appellant drove the stolen Chevrolet at speeds up to 98 miles per hour. One of the police vehicles involved in attempting to apprehend the appellant and his companions was driven by Memphis Police Officer Don Overton. As Officer Overton attempted a left hand turn, the appellant's vehicle crashed into the side of Overton's police cruiser. Officer Overton later died of injuries received in the crash.

### Jury Instructions on Lesser-Included Offenses

The appellant contends on appeal that the trial court erred in failing to instruct the jury with respect to the lesser-included offenses of felony murder, i.e. second degree murder, reckless homicide and criminally negligent homicide. See State v. Ely, 48 S.W.3d 710, 721-22 (Tenn. 2001) (holding second degree murder, reckless homicide, and criminally negligent homicide to be lesser-included offenses of felony first degree murder). The State concedes that the trial court did indeed err in declining to instruct on the lesser-included offenses of first degree felony murder and that this error is not harmless beyond a reasonable doubt. This Court has extensively examined the applicable body of law in this area as well as the record presented in this appeal. Having done so, we believe the State's concession to be well-founded and that this case must be reversed for a new trial for the reasons that follow.

### State's Concession

At the outset we note that this Court is not required to accept the State's concession of error. State v. Robert Michael Winters, No. E2002-00160-CCA-R3-CD, 2003 WL 22532498 (Tenn. Crim. App. at Knoxville, Nov. 7, 2003); State v. Leslie Thurman Mitchell, No. E2002-01537-CCA-R3-CD, 2003 WL 21780977 (Tenn. Crim. App. at Knoxville, Aug. 1, 2003), perm. to appeal denied,

(Tenn. Dec. 1, 2003). In this case, however, the State's concession is well-taken and the Office of the Attorney General of Tennessee is to be commended for taking the correct legal position in a case as tragic as this one. As the appellate prosecutors in criminal cases in Tennessee, we believe the Attorney General has the responsibility not simply to argue on appeal for the affirmance of a conviction, but also to advocate that the accused be afforded a lawful and fair trial in accordance with established precedent.[1]

Analysis

In State v. Burns, 6 S.W.3d 453 (Tenn. 1999), the supreme court adopted a new definition of lesser-included offenses. Id. at 466-67. The court also maintained that a trial court must instruct the jury on a lesser-included offense: (1) if any evidence exists that reasonable minds could accept as to the lesser-included offense and (2) if the evidence is legally sufficient to support a conviction of the lesser-included offense. Id. at 469. "In making this determination, the trial court must view the evidence liberally in the light most favorable to the existence of the lesser-included offense without making any judgments on the credibility of such evidence." Id. Since Burns, the supreme court has stressed that it "did not hold in Burns that a lesser-included offense instruction is required when reasonable minds could accept that *only* the lesser offense occurred. Reasonable minds may accept the same evidence as supporting the existence of both the greater offense and the lesser offense." State v. Allen, 69 S.W.3d 181, 188 (Tenn. 2002) (emphasis in the original). The court maintained that the "trial court must provide an instruction on a lesser-included offense supported by the evidence even if such instruction is not consistent with the theory of the State or of the defense. The evidence, not the theories of the parties, controls whether an instruction is required." Id. at 187-88. Furthermore, the court asserted that the decision to convict on a lesser-included offense may *not* be taken away from the jury even when the proof supporting the element distinguishing the greater offense from the lesser offense is uncontroverted. Id. at 189. "If a jury could convict, no matter how improbable, it is error not to charge that lesser-included offense." State v. Richmond, 90 S.W.3d 648, 662 (Tenn. 2002).

Applying the new definition of lesser-included offenses set forth in Burns to the offense of felony murder, the supreme court concluded in State v. Ely, 48 S.W.3d 710 (Tenn. 2001), that the offenses of second degree murder, reckless homicide, and criminally negligent homicide are lesser-included offenses of felony murder under part (b) of the Burns test. Id. at 721-22. The supreme court then determined that the trial court erred by failing to instruct on those lesser-included offenses, stating, "If the jury believed that Ely was present, it may have reasonably concluded that his actions in either repeatedly striking the victim over the head with a brick, or assisting co-defendant Carden as he did so, constituted *at least* criminally negligent homicide, reckless homicide, or second degree murder." Id. at 724 (emphasis in the original). Furthermore, the court held that a defendant's constitutional right to trial by jury is violated when the jury is not permitted to consider all offenses

---

[1] This is not to say that the attorney general may not advocate for a change in the law when there is some reason to believe advocacy of such a change may be successful. To suggest that the Tennessee Supreme Court would retreat from the recently established lesser-included offense jurisprudence that governs the outcome of this case is sheer folly.

supported by the evidence, and reversal is required unless the failure to instruct on lesser-included offenses is harmless beyond a reasonable doubt. Id. at 727. In that case, the court concluded that the failure was not harmless beyond a reasonable doubt:

> [T]he jury in this case was given no option to convict of a lesser offense than felony murder. Although the evidence clearly was sufficient to support a conviction for second degree murder, reckless homicide, or criminally negligent homicide, the jury was not given an opportunity to reach a decision on these offenses. Under these circumstances, we cannot say the failure to instruct on the lesser-included offenses was harmless beyond a reasonable doubt.

Id.

As in Ely, the jury in this case was given no option to convict the appellant of any lesser-included offenses of felony first degree murder. Even though the evidence is clearly sufficient to support a verdict of felony murder, the appellant's conduct also constituted *at least* criminally negligent or reckless homicide. Under these circumstances, we cannot say the failure to instruct the jury on the lesser-included offenses of second degree murder, reckless homicide or criminally negligent homicide was harmless beyond a reasonable doubt. Therefore, we reverse the appellant's conviction for first degree felony murder and remand this case to the Shelby County Criminal Court for a new trial on that charge wherein the jury is instructed on lesser-included offenses in accordance with this opinion and the holdings of the Supreme Court of Tennessee discussed hereinabove.

### Exclusion of Evidence Concerning the Memphis Police Department's Policy and Procedures Regarding High-Speed Chases

The appellant claims that the trial court erred in excluding evidence of the policies and procedures of the Memphis Police Department regarding high-speed chases. The appellant sought to admit this evidence at trial in an apparent attempt to persuade the jury that an alleged violation of those policies and procedures in this case was the cause of Officer Overton's death rather than the appellant's conduct. In support of this claim, the appellant cites the Tennessee Supreme Court cases of State v. Farner, 66 S.W.3d 188 (Tenn. 2001), and Haynes v. Hamilton County, 883 S.W.2d 606 (Tenn. 1994). Taken together, the appellant argues, these cases stand for the proposition that a crime victim's own negligence may be considered in determining whether or not the defendant's conduct was a proximate cause of death. However, the appellant's reading of these cases is flawed. Haynes is a civil case dealing with the proper interpretation of Tennessee Code Annotated section 55-8-108(e), which provides civil immunity to law enforcement personnel engaged in a pursuit of a fleeing suspect. Haynes, 883 S.W.2d at 607-08. An exception to the statutory immunity occurs when the negligence of the law enforcement is a proximate cause of injuries to an innocent third person injured during the pursuit. Id. at 612-13. Neither the statute nor Haynes, however, relieve the fleeing suspect from civil or criminal liability for their own actions which are also a proximate cause of the innocent third party's injuries.

-4-

In <u>Farner</u> the supreme court did hold that although a crime victim's contributory negligence is not a complete defense to a charge of criminally negligent homicide, such contributory negligence may be considered in determining whether or not the defendant's conduct was a proximate cause of death, or whether the victim's conduct was an independent intervening cause of death. <u>Farner</u>, 66 S.W.3d at 203. Although not allowed to cross-examine police officers concerning the Memphis Police Department's high-speed pursuit policies, the appellant was allowed wide latitude in cross-examining the police witnesses concerning what they actually did, i.e., speed they were traveling, traffic conditions, etc. The jury was therefore free to consider whether the police action of initiating and conducting a high-speed pursuit amounted to an independent, intervening cause of Officer Overton's death. It should also be noted that there is no suggestion in this record that Officer Overton himself was engaged in a high-speed pursuit or any other allegedly negligent behavior. Indeed, expert testimony established Officer Overton was traveling at only 35 miles per hour when he was struck by the appellant's vehicle traveling at 98 miles per hour.

Finally, it appears that this Court has rejected the appellant's argument on this issue in a reckless endangerment and aggravated assault prosecution. <u>See</u> <u>State v. Jason Morin</u>, No. 02C01-9512-CR-00370, 1997 WL 287648 (Tenn. Crim. App. at Jackson, June 2, 1997). Moreover, appellate courts in both Ohio and Florida have rejected the appellant's argument with respect to this issue. <u>Parker v. State</u>, 570 So. 2d 1048 (Fla. Dist. Ct. App. 1990); <u>State v. Lovelace</u>, 738 N.E.2d 418 (Ohio Ct. App. 1999); <u>State v. House</u>, 78239 2001 WL 1243934 (Ohio Ct. App. Oct. 18, 2001). We conclude the trial court did not err in denying the appellant's request to question police witnesses about the Memphis Police Department's high speed chase policies and procedures.

<u>Conclusion</u>

Based on the foregoing, we reverse the conviction for first degree felony murder and remand that charge for a new trial in accordance with this opinion. We affirm the remaining convictions.

_____
JERRY L. SMITH, JUDGE