IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
November 4, 2003 Session

## STATE OF TENNESSEE v. ANDREW THOMAS AND ANTHONY BOND

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-03095     Joseph B. Dailey, Judge**

**No. W2001-02701-CCA-R3-DD  - Filed February 27, 2004**

JOE G. RILEY, J., concurring in part and dissenting in part.

I agree with the majority opinion in all respects with one exception. The majority opinion concludes the failure of the trial court to charge the lesser-included offense of facilitation of felony murder as to Defendant Bond was not harmless error. I respectfully disagree with this conclusion.

In conducting a harmless error analysis, this court must conduct a thorough examination of the record, which should include "the evidence presented at trial, the defendant's theory of defense, and the verdict returned by the jury." State v. Allen, 69 S.W.3d 181, 191 (Tenn. 2002). "[I]n determining whether it was harmless beyond a reasonable doubt not to charge a lesser-included offense, the reviewing court must determine whether a reasonable jury would have convicted the defendant of the lesser-included offense instead of the charged offense." State v. Richmond, 90 S.W.3d 648, 662 (Tenn. 2002) (emphasis in original). Here, as the majority opinion notes, (1) both defendants discussed the plan to rob an armored truck the day prior to the robbery/murder; (2) Defendant Bond admitted he drove the getaway car after Defendant Thomas shot and robbed the victim; (3) Defendant Bond shared in the robbery proceeds; and (4) Defendant Bond, prior to the instant trial, entered a guilty plea in federal court to charges arising from the robbery. Defendant Bond defended on the basis that the gunshot wound was not the cause of death.

An essential element of facilitation of felony murder is that the defendant knew another person intended to commit the underlying felony (robbery in this case), but did not intend to promote or assist in that offense or to benefit in the proceeds of that offense. State v. Ely, 48 S.W.3d 710, 720 (Tenn. 2001) (citing Tenn. Code Ann. §§ 39-13-202, 39-11-403 (1997)). The intent for felony murder relates to the underlying felony of robbery, not the intent to kill. See Tenn. Code Ann. § 39-13-202(b).

Here, it is undisputed that Defendant Bond intended to, and did in fact, promote and assist in the robbery as well as share in its proceeds. Defendant Bond's lack of intent was not his theory

of defense, and the jury verdict rejected his theory of defense. Simply because no lessers were charged is no indication the jury "would" have convicted on a lesser offense had it been charged.

In order for the jury to find Defendant Bond guilty of facilitation of felony murder as opposed to felony murder, the jury would have to disregard the undisputed evidence and conclude Defendant Bond did not intend to promote or assist in the robbery or share in its proceeds. Although the jury within its prerogative could have done so,[1] the harmless error issue is not determined by what the jury could have done. I would conclude beyond a reasonable doubt, based upon (1) the undisputed proof at trial; (2) Defendant Bond's theory of defense; and (3) the jury's rejection of his theory of defense; that no reasonable jury would have convicted Defendant Bond of facilitation of felony murder instead of the charged offense. *See* Richmond, 90 S.W.3d at 662. Thus, I would affirm Defendant Bond's conviction for felony murder.

_____
JOE G. RILEY, JUDGE

---

[1] Ely concluded it was not even error to refuse to charge facilitation of felony murder where "the evidence was clear that the commission of the underlying felony of robbery was a joint undertaking," and

> no reasonable juror could have believed that although Ely was present, knew that Carden intended to commit the robbery, and furnished substantial assistance in the commission of the robbery, he nevertheless did not intend "to promote or assist the commission of the offense or to benefit in the proceeds or results of the offense."

48 S.W.3d at 724. Although it is arguable this language might indicate the trial court in the case at bar did not err in its refusal to charge facilitation, it appears that both Ely and his co-perpetrator personally participated in assaulting the victim. *Id.* In the case at bar, Defendant Bond did not personally participate in the assault upon the victim. Thus, I agree with the majority that the trial court erred in refusing to charge facilitation of felony murder.