IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 14, 2004

## STATE OF TENNESSEE v. CHRISTOPHER KIRKENDALL

**Direct Appeal from the Criminal Court for Shelby County**
**No. 02-02070     W. Fred Axley, Judge**

**No. W2003-02393-CCA-R3-CD  - Filed November 30, 2004**

GARY R. WADE, P.J., concurring.


I agree that the evidence is sufficient to support the conviction and that, under the terms of the 1989 Sentencing Act, the trial court erred by applying enhancement factors (10), (11), and (17). It is my view, however, that the ruling in Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), precludes the application of enhancement factor (21) in this case.

In State v. Christopher Kirkendall, No. W2004-00784-CCA-R3-CD (Tenn. Crim. App., at Jackson, Sept. 16, 2004), an unrelated case involving this same defendant, the state argued for the first time on appeal that factor (21), which was not applied by the trial court, was applicable to the defendant's convictions for facilitation of attempted second degree murder and facilitation of aggravated robbery, contending that factor (21), like factor (2), was based upon prior convictions. The state asserted that because factor (21) was based upon a previous offense, it was applicable under the Blakely rationale even in the absence of a jury finding. A panel of this court disagreed and made the following observations in regard to juvenile adjudications:

> Under our law, however, juvenile adjudications differ fundamentally from criminal convictions. The purpose of juvenile justice laws is to "remove from children committing delinquent acts the taint of criminality and the consequences of criminal behavior." Tenn. Code Ann. § 37-1-101. Moreover, our statutes provide that "adjudication in a proceeding under this part is not a conviction of a crime." Tenn. Code Ann. § 37-1-133(a).

Id., slip op. at 5. Because "juvenile adjudications do not qualify as prior convictions under the rule established in Apprendi and Blakely," the panel ruled that a jury determination or an admission by the defendant was required before factor (21) could be applied. Id.

In this case, factor (21) was applied by the trial court. The majority concludes that factor (21) is applicable under the rule established in Blakely because the defendant actually admitted having prior juvenile offenses. In Blakely, the Supreme Court held that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S. Ct. at 2537 (emphasis in original). The Court did not explain the term "admitted by the defendant" but referred to Apprendi, which cites to Almendarez-Torres v. United States, 523 U.S. 224 (1998), concluding that "procedural safeguards" attached to the facts admitted by Almendarez-Torres, "mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a 'fact' increasing punishment beyond the maximum of the statutory range." Apprendi, 530 U.S. at 488. In light of this language, it is my view that to qualify as an "admitted fact," a statement must be made by the defendant under oath in a proceeding in which he has been afforded the right to counsel and is cognizant of his right to remain silent. Cf. State v. Chester Wayne Walters, No. M2003-03019-CCA-R3-CD (Tenn. Crim. App., at Nashville, Oct. 4, 2004) (Tipton, J., concurring) (stating that "the phrase 'admitted by the defendant' refers to facts admitted by the defendant in relation to a guilty plea or during a plea colloquy"). In addition, it is also my view that stipulations of fact agreed upon by the parties in a proceeding with similar safeguards would qualify as an "admitted fact" under Blakely. Otherwise, I would hold that a jury must make the determination.

In this case, the defendant did not testify at the sentencing hearing. While defense counsel acknowledged that the defendant had an extensive juvenile record and while there was no objection to the introduction by the state of supporting documentation, it is my opinion that a general statement by counsel, absent due process safeguards, is not technically enough to satisfy the Blakely requirements. Further, even if defense counsel's reference to the defendant's extensive juvenile record qualifies as an "admitted fact," the application of factor (21) requires more than juvenile adjudications. The terms of the statue specifically provide that the juvenile adjudication must be for an offense which would have been a felony if committed by an adult. See Tenn. Code Ann. § 40-35-114(21) (2003). No concession was made in regard to this requirement. The documentation in the record indicates that only one of the juvenile adjudications, a burglary, could have been used for enhancement purposes under the terms of the statute.

In any event, however, it is my view that the erroneous application of factor (21), even under de novo review, was harmless beyond a reasonable doubt. In State v. Steven M. Stinson, No. E2003-01720-CCA-R3-CD (Tenn. Crim. App., at Knoxville, July 29, 2004), this court, citing Chapman v. California, 386 U.S. 18 (1967) stated without further elaboration that "[a]ny error by [the application of factor (16)], under the circumstances of [Stinson's] concession coupled with the proof at trial, would qualify as harmless beyond a reasonable doubt." In Chapman, the Supreme Court ruled that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." Chapman, 386 U.S. at 24 (U.S. 1967). Because, as determined by the Court in Blakely, the absence of a jury determination as to the applicable enhancement factors violates the constitutional right to a trial by jury, the trial court's application in this case of factor (21) is an error of constitutional magnitude subject to the harmless beyond a reasonable doubt standard. See Neder v. United States, 527 U.S. 1 (1999) (applying

constitutional harmless error analysis to the omission of an element of the crime in the jury instructions); State v. Richmond, 90 S.W.3d 648 (Tenn. 2002) (applying constitutional harmless error analysis to the trial court's failure to instruct on the natural and probable consequences rule); State v. Allen, 69 S.W.3d 181 (Tenn. 2002) (applying constitutional harmless error analysis to the trial court's failure to instruct on lesser included offenses). Here, the record establishes that defense counsel generally conceded that the defendant had an extensive juvenile record and did not object to the admission into evidence of a certified copy of the defendant's juvenile court record. The juvenile court record indicates that the defendant has an adjudication for burglary that supports the application of factor (21). The defendant was present during the colloquy between his counsel and the trial court. Under these specific circumstances, it is my view that the application of factor (21) qualifies as harmless beyond a reasonable doubt and that an enhancement up to a ten-year sentence is appropriate.

_____
GARY R. WADE, PRESIDING JUDGE