IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
May 29, 2014 Session heard at Lipscomb University


**CALVIN EUGENE BRYANT v. STATE OF TENNESSEE**

**Appeal by Permission from the Court of Criminal Appeals
Criminal Court for Davidson County
No. 2008B1478          Steve R. Dozier, Judge**

_____

**No. M2012-01560-SC-R11-PC – Filed March 13, 2015**

_____


GARY R. WADE, J., concurring in part and dissenting in part.

I concur with the majority that a conviction on a greater offense does not preclude a claim of ineffective assistance of counsel for the failure to request jury instructions on lesser included offenses. Although a small number of recent opinions by the Court of Criminal Appeals have held otherwise, most panels have endorsed the traditional view that the trial court has the obligation to provide instructions on the charged offense and all lesser included offenses warranted by the proof at trial, and that defense counsel, absent a reasonably based strategy, has the duty to seek instructions on all lesser included offenses. In contrast to the majority, I believe that trial counsel in this instance provided constitutionally inadequate representation by failing to request an instruction on facilitation as a lesser included offense of the sale of ecstasy within a school zone. I must, therefore, respectfully dissent to the extent that I would grant a new trial.

### I. Facts and Procedural History

Calvin Eugene Bryant (the "Petitioner") was indicted for three counts of the sale of ecstasy, a Schedule I controlled substance, within 1000 feet of a school based upon three separate transactions.[1] The proof at trial as to each transaction was as follows:

    (1)    In February of 2008, a confidential informant named Terrance Knowles repeatedly telephoned the Petitioner at the behest of the police, asking to

---

[1] As to the second and third transactions, the Petitioner was also indicted for the delivery of ecstasy as an alternative theory of liability.

purchase a small quantity of ecstasy pills. The Petitioner testified that he initially refused to help, but eventually agreed to obtain the pills when Knowles, a long-time acquaintance, said that he needed to sell drugs to make money to feed his family. On March 4, 2008, Knowles drove to the home of the Petitioner and purchased twenty pills for $140.

(2) On March 21, 2008, Knowles telephoned the Petitioner asking to purchase 100 ecstasy pills. The two men then met outside of the Petitioner's residence. An unidentified driver of a Ford Explorer stopped near where the two men stood. Knowles handed the Petitioner $660, and the Petitioner took the money to a person in the passenger seat of the Explorer in exchange for the pills. The Petitioner then transferred the pills to Knowles and handed back $10 in change—the difference between $660 and the actual price of $650 as charged by the supplier of the pills.

(3) On April 23, 2008, Knowles contacted the Petitioner asking for 200 ecstasy pills. They met at a basketball court near the residence of the Petitioner. When an unidentified driver arrived in a Jeep Cherokee, Knowles handed $1200 to the Petitioner, who transferred the money to the driver in exchange for pills. The Petitioner then turned the pills over to Knowles.

The Petitioner, who chose to testify at trial, admitted that he had participated in each of the three transactions but asserted the defense of entrapment, claiming that he was not a drug dealer and had been induced to participate by Knowles, whom he had known since childhood. As to each transaction, the trial court instructed the jury on the following offenses: (1) the sale of a controlled substance within 1000 feet of a school, a Class A felony; (2) the lesser included offense of the sale of a controlled substance outside of a school zone, a Class B felony; and (3) the lesser included offense of simple possession or casual exchange within 1000 feet of a school, a Class A misdemeanor. See Tenn. Code Ann. §§ 39-17-417(a)(3), (b); -418(a), (c)(1); -432(b)(1) (2014). Because the Petitioner qualified as a Range I offender, the sentencing ranges for the offenses charged were as follows: (1) sale of a controlled substance within 1000 feet of a school—fifteen to twenty years; (2) sale of a controlled substance outside of a school zone—eight to twelve years; and (3) simple possession or casual exchange within 1000 feet of a school—up to eleven months and twenty-nine days. See Tenn. Code Ann. CC 40-35-111(e)(1), -112(a)(1)−(2) (2014). Trial counsel did not request a jury instruction on facilitation as a lesser included offense of the sale of a controlled substance within 1000 feet of a school, which would have resulted in a sentencing range of eight to twelve years. Further, the trial court did not provide facilitation instructions as to any of the three transactions.

The jury acquitted the Petitioner on the first transaction. As to the second and third transactions, the jury returned guilty verdicts for the sale of a controlled substance within 1000 feet of a school.[2] The trial court imposed two seventeen-year sentences to be served concurrently. The convictions and sentences were upheld on the direct appeal. State v. Bryant, No. M2009-01718-CCA-R3-CD, 2010 WL 4324287, at *22 (Tenn. Crim. App. Nov. 1, 2010), perm. app. denied (Tenn. Apr. 13, 2011).

The Petitioner presented a single claim in his petition for post-conviction relief: that he had been deprived of the effective assistance of counsel when his trial counsel failed to request a lesser included offense instruction on facilitation. Because the Petitioner was charged with the sale of a controlled substance within 1000 feet of a school, a Class A felony carrying a potential sentence of fifteen to twenty years, a conviction for the facilitation of this offense, a Class B felony, could have resulted in a sentence of as little as eight years. See Tenn. Code Ann. § 39-11-403(b) (2014) ("The facilitation of the commission of a felony is an offense of the class next below the felony facilitated by the person so charged."). The Petitioner maintained that if his counsel had sought an instruction on facilitation as a lesser included offense, there was a reasonable likelihood under these particular circumstances that he would have been convicted of the lesser crime. The only witness at the post-conviction hearing was the Petitioner's trial counsel, Joy Kimbrough, who admitted that she had simply failed to request a jury instruction for the lesser included offense of facilitation.

The post-conviction court denied relief, and the Court of Criminal Appeals affirmed, holding that the Petitioner had failed to demonstrate deficient performance of counsel for three reasons: (1) trial counsel made a strategic decision not to request a facilitation instruction; (2) a theory of facilitation would have undermined the Petitioner's entrapment defense; and (3) the evidence did not support a facilitation instruction. Bryant v. State, No. M2012-01560-CCA-R3-PC, 2013 WL 4401166, at *20-21 (Tenn. Crim. App. Aug. 16, 2013). In addition, the Court of Criminal Appeals held that the failure to request an instruction on a lesser included offense could never result in prejudice so long as the jury returned a guilty verdict on the greater offense. Id. at *22. This Court granted the Petitioner's application for permission to appeal.

## II. Analysis

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of

---

[2] The jury also returned guilty verdicts on the alternative theory of liability for delivery of the drugs. The trial court properly merged each delivery conviction into the corresponding sale conviction.

Counsel for his defence." Likewise, article I, section 9 of the Tennessee Constitution provides "[t]hat in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel." These constitutional provisions guarantee every person charged with a felony the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective assistance of counsel, however, a petitioner must prove not only a deficiency in the performance of counsel but also that the deficient performance had a prejudicial effect upon the defense. Strickland, 466 U.S. at 687; Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011). In my view, the Petitioner has met this burden.

## A. Deficient Performance

The first prong of an ineffective assistance of counsel claim requires a showing "that counsel's representation fell below an objective standard of reasonableness," a level of performance measured by "professional norms" existing at the time of the trial or the appeal. Strickland, 466 U.S. at 688. Although a petitioner cannot establish deficient performance based upon a failed strategy or an unsuccessful trial tactic, strategic choices are given deference only when counsel has conducted a reasonably adequate level of preparation prior to making such a decision. Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982)); see also Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992) ("[D]eference to tactical choices only applies if the choices are informed ones based upon adequate preparation.").

The majority provides two reasons for concluding that trial counsel's failure to request a jury instruction on facilitation did not amount to deficient performance: (1) the evidence did not warrant a facilitation instruction; and (2) trial counsel acted strategically because if the Petitioner had taken the position that he had facilitated the transactions, that argument would have undermined the defense theory of entrapment. I do not concur with this assessment.

## 1. Sufficiency of the Evidence

As the majority notes, it is undisputed that facilitation is a lesser included offense of the sale of a controlled substance within 1000 feet of a school. See Bryant, 2013 WL 4401166, at *17 ("The law is well-settled that facilitation is a lesser included offense to the charged offenses."); State v. Burns, 6 S.W.3d 453, 466-67 (Tenn. 1999) ("An offense is a lesser-included offense if . . . it consists of . . . facilitation of the offense charged . . . ."). The failure to request a lesser included offense may constitute deficient performance by trial counsel if "the record contains any evidence which reasonable minds could accept as to the lesser included offense," and such evidence, viewed "liberally in the light most favorable to the existence of the lesser included offense[,] . . . is legally

sufficient to support a conviction for the lesser included offense."  Tenn. Code Ann. § 40-18-110(a) (2012) (emphasis added); see also Burns, 6 S.W.3d at 469.  With these standards in mind, I must respectfully disagree with the majority's conclusion that the Petitioner has "presented no evidence of facilitation" that would warrant an instruction on the lesser included offense.

The offense of facilitation is defined as follows: "A person is criminally responsible for the facilitation of a felony, if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under [section] 39-11-402(2), the person knowingly furnishes substantial assistance in the commission of the felony."  Tenn. Code Ann. § 39-11-403(a).  When parsed, the offense of facilitation is comprised of three elements: (1) that the defendant knew another person intended to commit the charged felony; (2) that the defendant lacked the requisite intent to be found guilty under a theory of criminal responsibility; and (3) that the defendant knowingly furnished substantial assistance in the commission of the felony.  In my view, a rational juror could have found each of these three elements from the evidence presented relating to the second and third drug transactions.

As to the first element of facilitation, the post-conviction court denied relief on the mistaken basis that "the proof in this case fail[ed] to establish the . . . existence of 'another person' who participated in the commission of the crime[s]."  Bryant, 2013 WL 4401166, at *12.  The evidence showed that the second and third transactions were initiated by Knowles, who implored the Petitioner to aid him in the acquisition of ecstasy pills.  There was no evidence that the Petitioner had possession of the drugs at any time prior to the second or third transactions with Knowles.  Instead, on both occasions, the Petitioner acquired the drugs from an unidentified third person contemporaneously to his meetings with Knowles.[3]  In my view, this evidence is sufficient to establish the first element of facilitation because the Petitioner knew that another person—the unidentified drug dealer who brought the ecstasy pills to the second and third transactions with Knowles—intended to sell or deliver a controlled substance.

As to the second and third elements of facilitation, there was sufficient evidence for a reasonable jury, properly instructed, to have found that the Petitioner substantially

---

[3] Although the Petitioner was acquitted of the charges related to the first transaction, the evidence of this transaction also shows that the direct participation of "another person" was necessary for Knowles to acquire the ecstasy pills.  As in the second and third transactions, there was no evidence that the Petitioner possessed any drugs prior to Knowles' first request for ecstasy pills in February of 2008.  The Petitioner testified at trial that he was in possession of the drugs at the time he met with Knowles for the first transaction only because Knowles had failed to meet the Petitioner as scheduled but "the guy had already brought [the drugs] to [the Petitioner]."  But for Knowles' failure to arrive as scheduled to purchase the drugs, the first transaction could have taken place in the same manner as the second and third transactions.

assisted the dealer in selling or delivering a controlled substance but lacked the requisite intent to be found guilty under a theory of criminal responsibility. Although the intent of the Petitioner was a key factor in the post-conviction court's denial of relief, see Bryant, 2013 WL 4401166, at *12, *21, the majority opinion does not address the criminal responsibility statute that is referenced within the definition of facilitation, see Tenn. Code Ann. § 39-11-403(a) (stating that to be convicted of facilitation a person must act "without the intent required for criminal responsibility under [section] 39-11-402(2)"). Tennessee Code Annotated section 39-11-402(2) (2014) states that a person is criminally responsible for an offense committed by another if, "[a]cting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense." In consequence, the second and third elements of facilitation would be met in this instance if there was any evidence that the Petitioner provided substantial assistance to the unidentified drug dealer but lacked the intent to promote or benefit from the sale of ecstasy pills to Knowles.

There was proof at trial that the Petitioner had repeatedly declined to acquire ecstasy pills for Knowles until Knowles explained that he needed the Petitioner's help in obtaining drugs that he could sell in order to make money to feed his family. That each transaction was initiated at the behest of Knowles is not in dispute. On the second and third occasions, the Petitioner made contact with an unidentified dealer, took the money provided by Knowles to the dealer, and transferred the pills supplied by the dealer to Knowles. There was no proof that the Petitioner possessed the pills prior to the transactions, that he solicited Knowles or any other potential buyers on behalf of the dealer, or that he kept any of the money exchanged between the dealer and Knowles. In fact, during the transaction on March 21, 2008, the Petitioner returned ten dollars in change to Knowles after retrieving 100 ecstasy pills from the dealer at the scene. Viewing this proof in the light most favorable to the existence of the lesser included offense, a rational juror could have concluded that the Petitioner merely acted as a "go-between" in these transactions, thereby providing substantial assistance to the unidentified dealer in the sale of a controlled substance without intending to promote or benefit from the offenses.[4] See State v. Allen, 69 S.W.3d 181, 188 (Tenn. 2002) (finding

---

[4] In my view, there is no evidence supporting the conclusion by the majority that the Petitioner "did not merely furnish substantial assistance in the drug sale[s], but instead[] was the seller of the drugs." First, the majority states that "[t]he uncontroverted evidence shows that [the Petitioner] set the price for the drugs," when in fact the Petitioner testified repeatedly that the price for ecstasy pills in various quantities was "common knowledge" in his neighborhood. Second, the majority states that the Petitioner never argued that he was "merely assisting the drug supplier," even though the Petitioner testified several times about the direct involvement of the drug dealer who, at the time of the transactions, supplied the pills to the Petitioner who then turned them over to Knowles. Likewise, the majority states that the Petitioner "never testified he was a middle-man for the sale[s]," despite the testimony of the Petitioner that he arranged the

the evidence warranted a facilitation instruction where "[t]here was no evidence that [the defendant] received any proceeds of the robbery"); State v. Flemming, 19 S.W.3d 195, 200 (Tenn. 2000) (finding the evidence warranted a facilitation instruction where the defendant "participated substantially [in the aggravated robbery] by kicking and beating the victim" but lacked the intent to promote or benefit from the crime "because he took no property from the victim").

## 2. Strategy

At the post-conviction hearing, trial counsel acknowledged that she had failed to request a facilitation instruction, not for strategic purposes, but because of her inexperience in the practice of criminal defense. On direct examination, trial counsel explained her failure to request a facilitation instruction as follows: "I don't know why I didn't ask for facilitation. . . . Thinking back, I'm sure I should have. I don't know if I was real familiar with facilitation at that time. . . . I was sort of . . . new in the law." She further testified that lesser included offenses were "unfamiliar to [her], . . . back at that time." On cross-examination by the State, counsel testified that she did not remember any conversation between the trial court and the prosecution about the inclusion of a facilitation instruction. Finally, on re-direct examination, counsel was specifically asked whether it was "strategy on [her] part to fail to request a facilitation instruction," to which she replied, "No, it was no strategy." She also admitted that prior to trial neither she nor any of the other attorneys involved in the case had researched or discussed the possible lesser included offenses.

---

second and third transactions by calling the supplier of the pills, meeting with Knowles to await the arrival of the drug dealer, approaching the drug dealer's vehicle to obtain the pills, transferring the pills to Knowles in exchange for money, and then handing the money to the drug dealer in the vehicle. Moreover, there was a complete lack of evidence that the Petitioner somehow benefitted from the transactions; he even gave Knowles change during the second transaction. In summary, while the Petitioner may not have testified using the exact words of the facilitation statute—which is understandable considering his counsel's lack of knowledge on this issue—the evidence nonetheless supported a facilitation instruction.

The post-conviction court did not discredit any portion of trial counsel's testimony. For this reason alone I would find that counsel's failure to request a jury instruction on facilitation was not a strategic decision and amounted to deficient performance.[5] See Hinton v. Alabama, 134 S. Ct. 1081, 1089 (2014) ("An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under Strickland."). The majority, however, implies that counsel must have been untruthful at the post-conviction hearing because her "actions at trial contradict her statements." According to the majority, counsel's "failure to request [a facilitation] instruction was not an oversight" because to request such an instruction would have undermined the defense theory of entrapment. Respectfully, I cannot agree. Aside from the uncontroverted testimony of trial counsel that she did not make a strategic decision to forgo a facilitation instruction, there is no reason why counsel could not have argued both entrapment and facilitation, just as she had argued both entrapment and simple possession or casual exchange.

In fact, the transcript reflects that trial counsel did make an argument that would have supported a finding of facilitation when she told the jury, "[The Petitioner] profits nothing. . . . He's the middleman. He's the middleman. When that UPS truck pulls up and rings the doorbell and gets a package and gives it to someone else it belongs to in the house, that person's the middle person. They didn't . . . sell." While these facts are irrelevant to an argument based on simple possession or casual exchange, they fit closely with the definition of facilitation. Compare Tenn. Code Ann. § 39-17-418(a) (defining simple possession and casual exchange without reference to any person other than the person charged with the offense), with Tenn. Code Ann. § 39-11-403(a) (defining facilitation to include one person's knowledge that another person intends to commit the charged offense). The theory of an entrapment defense is that a person would not have committed a crime but for inducement by the police. Here, trial counsel had an evidentiary basis to argue that the Petitioner would not have facilitated the drug transactions but for inducement by Knowles, a confidential informant. Because these theories are not inconsistent, the fact that counsel argued the defense of entrapment at

---

[5] The majority correctly states that "the post-conviction court neither accredited nor discredited trial counsel's testimony," implying that the court was silent on this point, because "the [post-conviction] court had an independent basis for finding no deficient performance." In other words, the majority acknowledges that the post-conviction court did not deny relief based on a finding that counsel for the Petitioner was not credible. Instead, as discussed above, the court denied relief on the mistaken basis that "the proof in this case fail[ed] to establish the . . . existence of 'another person' who participated in the commission of the crime[s]." Bryant, 2013 WL 4401166, at *12. Because counsel was not discredited, and the post-conviction court's denial of relief was based upon an inaccurate statement of the evidence, I can only conclude that counsel was deficient.

trial does not establish that she was untruthful about her strategy, or lack thereof, at the post-conviction hearing.

Of greater importance, the presentation of various defense theories is not a bar to an instruction on a lesser included offense so long as "the record contains <u>any evidence</u> which reasonable minds could accept as to the lesser included offense," Tenn. Code Ann. § 40-18-110(a) (emphasis added). <u>See, e.g.,</u> <u>State v. Brown</u>, 311 S.W.3d 422, 431 (Tenn. 2010) ("[T]he trial court's duty to instruct on a lesser-included offense is not contingent upon the lesser-included offense being consistent with the theory of the State or the defendant . . . ."). The evidence is what drives the consideration of lesser included offenses. The majority implies that the theories of the State and defense counsel dictate how the evidence is to be construed by the jury. In my view, however, trial theories and arguments by counsel are not relevant to whether "the record contains any evidence which reasonable minds could accept as to the lesser included offense." In this instance, because the proof at trial was sufficient to support an instruction on facilitation as a lesser included offense,[6] and counsel candidly admitted that her failure to request such an instruction was not a strategic decision, the Petitioner was denied his constitutional right to the effective assistance of counsel.

## B. Prejudice

The second prong of an ineffective assistance of counsel claim requires a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 688. Initially, I fully concur with the majority that a conviction on a greater offense does not preclude a claim of ineffective assistance of counsel based upon the failure to request jury instructions on lesser included offenses. I also agree with the majority that the proper inquiry in this context is whether there is a reasonable probability that a properly instructed jury would have convicted on the lesser included offense instead of the charged offense. I depart from my colleagues, however, as to their conclusion that the Petitioner has failed to prove prejudice in consequence of the deficient performance by his trial counsel.

---

[6] Likewise, if the instruction had been given and the Petitioner had been convicted only of facilitation, the conviction would have withstood a challenge to the sufficiency of the evidence.

As indicated, the State's proof established that the Petitioner arranged three separate drug transactions at the request of Knowles, with whom he had a longstanding relationship. It is undisputed that an unidentified drug dealer was involved at the scene of the second and third transactions, for which the Petitioner was convicted. The evidence supported a finding that the Petitioner, who had several character witnesses attesting to his good reputation in the community, merely acted as a go-between as a favor to a friend. There was no proof that the Petitioner had possession of the pills prior to either of the last two transactions or that he profited from the exchanges. As stated, trial counsel acknowledged at the post-conviction hearing that she should have requested a jury instruction on facilitation but failed to do so, and she further testified that her failure in this regard was not the result of any strategy. During closing argument, trial counsel pointed out several key facts that would have supported convictions for facilitation rather than the charged offenses.[7] Her lack of knowledge deprived the jury of any consideration of facilitation as an alternative to its verdicts. In this instance, a reasonable probability exists that a properly instructed jury may have convicted the Petitioner of facilitating the drug transactions rather than selling or delivering the drugs.

### III. Conclusion

I concur in the majority's determination that a conviction on a greater offense does not preclude a claim of ineffective assistance of counsel for the failure to request jury instructions on lesser included offenses. Trial courts have the obligation to provide instructions on the charged offense and all lesser included offenses warranted by the proof at trial, and defense attorneys, absent a reasonable strategic decision, have the duty to seek instructions on all lesser included offenses. Because the evidence in this trial supported a facilitation instruction, and trial counsel did not have a strategic basis for waiving this instruction, the performance was deficient. But for this error, there is a reasonable probability that a properly instructed jury would have convicted the Petitioner of facilitation as a lesser included offense. I would, therefore, vacate the convictions and remand for a new trial.

I am authorized to state that Justice Janice M. Holder joins in this opinion.

---

[7] The majority dismisses trial counsel's UPS analogy and middle-man characterization as a "last-minute argument" that should not have been considered by the jury. In my view, this argument had a sound evidentiary basis but was unavailing because of counsel's failure to request a facilitation instruction. If the jury had been properly instructed as to facilitation, it would have understood why trial counsel was using the term "middle man" to describe the Petitioner's role in the drug transactions. Thus, the failure by trial counsel to request an instruction as to facilitation deprived the jury of the option to find the Petitioner guilty of the lesser included offense. In addition, the closing argument made by trial counsel further supports the conclusion that her failure to request a facilitation instruction was not a strategic decision.

_____
GARY R. WADE, JUSTICE