IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 27, 2016 Session

**STATE OF TENNESSEE v. LANCE ELLIOTT FALCON**

**Appeal from the Criminal Court for Knox County**
**No. 96800      G. Scott Green, Judge**
_____

**No. E2015-00935-CCA-R3-CD – Filed August 17, 2016**
_____


ROBERT L. HOLLOWAY, JR., J., concurring.

I concur with the majority's opinion affirming the judgments of the trial court. I write separately to express my opinion that the question posed by the trial judge was essentially a comment on credibility and violated an unequivocal rule of law. "[J]udges in Tennessee are prohibited by our constitution from commenting upon the credibility of witnesses or upon the evidence in the case." State v. Suttles, 767 S.W.2d 403, 406 (Tenn. 1989); see also Tenn. Const. Art. VI, § 9.

Suttles, much like this case, involved a sexual offense in which the primary issue was the "credibility between the child victim and the [] defendant." 767 S.W.2d at 404. Our supreme court characterized the issue of credibility as a "classic one[] for resolution by a jury." Id. In Suttles, the court determined the trial judge's explanation to the jury concerning why he talked personally to the victim in chambers, why the victim was reluctant to testify, and why he cleared the courtroom of spectators before the victim testified "could have been taken by the jury as an endorsement of [the victim's] credibility." Id. at 407. The court characterized Suttles as "an extremely close case" in which "the trial judge must be very circumspect in making statements to the jury which might in any way reflect upon the credibility of a crucial witness." Id. at 406. The court reversed the conviction and remanded the case for a new trial.

The question posed by the trial judge in this case was, in my opinion, more egregious than the explanation to the jury given by the trial judge in Suttles. However, in this case, the State's proof included two highly-incriminating recorded telephone conversations between the Defendant and the victim, which were admitted as evidence and played before the jury. "The line between harmless and prejudicial error is in direct proportion to the degree of the margin by which the proof exceeds the standard required to convict beyond a reasonable doubt." Id.

at 404 (quoting State v. Carter, 714 S.W.2d 241, 248 (Tenn. 1986)) (internal quotation marks omitted).

I would characterize the comments by the trial judge in this case as non-structural constitutional error which does not require automatic reversal but is subject to a harmless error analysis wherein the State bears the burden of proving that the error is harmless beyond a reasonable doubt. State v. Rodriguez, 254 S.W.3d 361, 371 (Tenn. 2008). The test used to determine whether a non-structural constitutional error is harmless is "whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." Id. (quoting Neder v. United States, 527 U.S. 1, 15 (1999); State v. Allen, 69 S.W.3d 181, 190 (Tenn. 2002)) (internal quotation marks omitted). As noted above, the State introduced two highly incriminating phone conversations between the Defendant and the victim. Such evidence leads me to conclude that the judge's improper comments did not contribute to the jury's verdict and were harmless beyond a reasonable doubt.

Consequently, the Defendant cannot show that a substantial right was adversely affected or that reversal of the judgments is "necessary to do substantial justice." State v. Adkisson, 899 S.W.2d 626, 642 (Tenn. Crim. App. 1994). Therefore, I concur in the majority's conclusion that the Defendant is not entitled to plain error relief.

I am authorized to state that Judge Thomas joins in this concurring opinion.

_____
ROBERT L. HOLLOWAY, JR., JUDGE